UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,               File No. 1:08-CV-747

v.                                      Hon. Janet T. Neff
                                        U.S. District Judge

FIRST CARIBBEAN INTERNATIONAL
BANK, CHECK NO. 223546, et al,

        Defendant.
_____/

**RESPONSE OF THE UNITED STATES TO
CLAIMANT CHARLES EDKINS' MOTION TO DISMISS AND
CROSS-MOTION FOR STAY OF PROCEEDINGS**

        The Plaintiff, United States of America, hereby responds to the "Motion to Dismiss – Improper Service" filed by *pro se* claimant Charles L. Edkins, and moves to stay the instant civil forfeiture proceedings pursuant to 18 U.S.C. § 981(g).  For the reasons set forth below, the United States requests that the Court stay the pending forfeiture proceedings, pending the resolution of a related criminal action involving Mr. Edkins.  Alternatively, the United States requests that Mr. Edkins' motion be held in abeyance pending the resolution of the criminal action.

**FACTUAL SUMMARY**

        This civil forfeiture action arose out of a related, pending criminal action involving Mr. Edkins, *United States v. Charles Lee Edkins*, No. 1:05-CR-151.  Mr. Edkins was charged in a five-count Indictment with violations of 26 U.S.C. §§ 7201 and 7212, for allegedly attempting to evade and defeat the income tax he owed to the United States.  In its continuing investigation of Mr. Edkins' alleged criminal conduct, the United States seized five bank checks (the "Defendant Checks") – all made payable to Mr. Edkins – found in Mr. Edkins' apartment in the Bahamas on or about February 13, 2008.  A few months later, on July 9, 2008, Mr. Edkins pled guilty to four of the counts in the Indictment.

Shortly thereafter, on August 8, the United States commenced the instant forfeiture proceeding. The United States duly published notice of the forfeiture and, when no claim was made, filed an entry of default against Mr. Edkins on or about October 7. Several weeks later, Mr. Edkins filed a claim regarding the Defendant Checks, followed by a "Motion to Dismiss – Improper Service" dated October 14, 2008. In his motion Mr. Edkins claims that, though he eventually received notice of the pending forfeiture, he did so "at a later date than mandated by the 35 day rule."

Mr. Edkins' sentencing hearing began on November 20, and was continued until December 15. In advance of the December 15 hearing, the United States filed a motion for restitution, in which it asked that Mr. Edkins be ordered at sentencing to pay restitution in a lump sum of $252,924. In its motion, the United States identified the Defendant Checks as among the known assets of Mr. Edkins that should be applied immediately to any order of restitution. Should the Court order restitution as part of Mr. Edkins' sentence as requested by the United States, such that the Defendant Checks are claimed for restitution, this civil forfeiture action would be moot.

## ARGUMENT

This Court should stay this civil forfeiture proceeding pursuant to 18 U.S.C. § 981(f)(1) or, alternatively, hold in abeyance Mr. Edkins' pending motion. Section 981 provides in pertinent part that, "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect...the prosecution of a related criminal case." 18 U.S.C. § 981(f)(1). Though § 981 refers on its face to the potential adverse effects of civil discovery on a related criminal action, at least one court has granted a government request for a stay under the section on the grounds that a motion by a claimant in the civil action could impact the underlying criminal case. *See United States v. $2,067,437.08 in U.S. Currency*, 2008 WL 238514, at *6 (E.D. Tex., January 28, 2008) (stay granted not only

because civil discovery could adversely affect criminal prosecution, but because claimant's motion in the civil case raised an issue properly decided in the criminal case).

Here, a brief stay of the civil forfeiture proceedings is appropriate, because any issue concerning the availability of the Defendant Checks for forfeiture will be laid to rest when Mr. Edkins' sentencing hearing resumes on December 15.  The Court, having reached a decision on the pending motion for restitution, will have determined whether the Defendant Checks must be claimed for restitution purposes.  If the Court does order restitution, the Defendant Checks will be unavailable for forfeiture, and the United States will accordingly seek to voluntarily dismiss this civil forfeiture action.  If the Court declines to order restitution, the civil action may resume, and Mr. Edkins' claim may be decided on the merits.

Alternatively, should this Court not see fit to grant this request for a stay of the proceedings, the United States respectfully requests that the Court hold Mr. Edkins' motion in abeyance pending the decision on the motion for restitution and the sentencing of Mr. Edkins.

Respectfully submitted,

DONALD A. DAVIS
United States Attorney

Dated: December 1, 2008

/s/ Heath M. Lynch
MATTHEW G. BORGULA
HEATH M. LYNCH
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI  49501-0208
(6l6) 456-2404